## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **ERMA JEAN EDWARDS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:05-cv-36 (HL) |
| | : | |
| **HEATCRAFT, INC.** | : | |
| | : | |
| Defendant. | : | |

_____

## <u>ORDER</u>

Defendant, Heatcraft, Inc., has filed a Motion to Dismiss (Doc. 8).  After consideration of the complaint and the parties' briefs, the Court grants the Motion, in part, as more fully set forth below.

Plaintiff, Erma Jean Edwards, filed a complaint on April 25, 2005, against her former employer, Heatcraft, Inc.  Edwards, who is proceeding *pro se* did not identify the federal cause of action on which her complaint was based, but appears to allege that in April of 2004 she was wrongfully reassigned after she informed her supervisor that she was pregnant and, because of her pregnancy, unable to lift more than 25 pounds.  She further alleges that she was wrongfully terminated while she was on maternity leave.  Heatcraft has moved to dismiss Edwards' complaint, contending that it fails to state a claim upon which relief can be granted.

Because Edwards has failed to identify the basis for her claim, the Court and opposing counsel are left to speculate as to which federal statute might support a cause of action. Heatcraft has analyzed Edwards' claim under the Pregnancy Discrimination Act, as set forth

under Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities

Act of 1990; and the Family and Medical Leave Act of 1993. The Court will analyze Edwards'

claims under the same provisions.

A.     The Pregnancy Discrimination Act

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer

to "discharge any individual, or otherwise to discriminate against any individual with respect

to [her] compensation, terms, conditions or privileges of employment, because of such

individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1) (West

2003). In 1978, with the passage of the Pregnancy Discrimination Act ("PDA"), Congress

amended the definition section of Title VII to include the following:

> The terms "because of sex" or "on the basis of sex" include, but are not
> limited to, because of or on the basis of pregnancy, childbirth, or related medical
> conditions; and women affected by pregnancy, childbirth, or related medical
> conditions shall be treated the same for all employment-related purposes,
> including receipt of benefits under fringe benefit programs, as other persons not
> so affected but similar in their ability or inability to work, and nothing in section
> 2000e-2(h) of this title shall be interpreted to permit otherwise.

42 U.S.C.A. § 2000e(k) (West 2003). Under the definition imposed by the PDA, therefore, "an

employer is obliged to ignore a woman's pregnancy and 'to treat the employee as well as it

would have if she were not pregnant.'" Urbano v. Continental Airlines, Inc., 138 F.3d 204, 206

(5th Cir. 1998) (quoting Piraino v. Int'l Orientation Resources, Inc., 84 F.3d 270, 274 (7th Cir.

1996)). The PDA does not require an employer to extend benefits to pregnant women that it

does not also extend to other employees. *See* Armindo v. Padlocker, Inc., 209 F.3d 1319, 1322

(11th Cir. 2000) (holding that the "PDA is not violated by an employer who fires a pregnant

employee for excessive absences, unless the employer overlooks the comparable absences of non-pregnant employees").

"The analysis required for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits." Id. at 1320. As with any Title VII discrimination suit, therefore, Edwards must first satisfy the conditions precedent to filing a claim in federal court. She must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C.A. § 2000e-5(b) (West 2003). The charge of discrimination must be filed within 180 days of the last discriminatory act. 42 U.S.C.A. § 2000e-5(e)(1) (West 2003).

Edwards has not satisfied the conditions precedent to filing a Title VII claim in this Court. Edwards' complaint offers nothing that suggests that she filed a timely charge with the EEOC. The only reference to the EEOC she offers is the statement in her response brief that she "had an interview over the phone with the EEOC." (Doc. 11 at 5.) A telephone interview is not sufficient to satisfy Title VII's charge requirement, however. A charge of discrimination must be "in writing under oath or affirmation." 42 U.S.C.A. § 2000e-5(b) (West 2003).

Cases decided by the Supreme Court of the United States and the United States Court of Appeals for the Eleventh Circuit have made clear that Title VII's procedural requirements are not jurisdictional requirements but are, instead, conditions precedent to suit that are subject to modification. *See, e.g.,* Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982) (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that . . . is subject to

waiver, estoppel, and equitable tolling"); <u>Fouche v. Jekyll Island-State Park Auth.</u>, 713 F.2d 1518, 1525 (11th Cir. 1983) (holding that in Title VII suits brought against the state, requirement that claimant receive a right to sue notice from the Attorney General may be waived by the court). However, the Title VII plaintiff bears the burden of proving equitable reasons for failure to comply with Title VII's procedural requirements. *See, e.g.,* <u>Ross v. Buckeye Cellulose Corp.</u>, 980 F.2d 648, 661 (11th Cir. 1993). Here, Edwards has offered nothing which would allow the Court to look beyond her failure to make a timely filing and determine whether the filing requirements were subject to waiver, estoppel, or equitable tolling.

In the absence of any showing by Edwards that she filed a timely charge with the EEOC, or that the circumstances of her case are such as to exclude her from the filing requirements, she may not proceed under Title VII in this Court. Accordingly, to the extent that Edwards' claim is brought pursuant to Title VII, Heatcraft's Motion is granted, and Edwards' Title VII claims are hereby dismissed.

B.    The Americans with Disabilities Act

In her complaint, Edwards alleges that because of her pregnancy she was restricted in the amount of weight she could lift. Because of her lifting restrictions, Edwards was moved to a different department. After working in the new department for a short while, she was first told she was not doing the work fast enough, then told there was not enough work for her. According to her complaint, she was told to go on short term disability. On May 17, 2004, she applied for short term disability benefits but those benefits were later denied. On June 18, 2004, Edwards was put on maternity leave. On August 16, 2004, she was terminated.

4

In view of the foregoing allegations, it may be that Edwards believes she has a claim under the Americans with Disabilities Act ("ADA").  Like Title VII, the ADA also protects employees from discrimination in the work place.  The ADA "imposes upon employers the duty to provide reasonable accommodations for known disabilities unless doing so would result in an undue hardship to the employer."  Morisky v. Broward County, 80 F.3d 445, 447 (11th Cir. 1996) (citing 42 U.S.C. § 12112(b)(5)(A)).  An employer that fails in its duty to accommodate may be liable for discrimination under the ADA.

However, like Title VII, the ADA also imposes limitations on potential claimants:  "It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964."  Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999).  Thus, like the Title VII claimant, the ADA claimant is required to file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred.

Thus, as with her potential claims under Title VII, Edwards must either satisfy the conditions precedent by showing that a timely charge of discrimination was filed, or she must show that waiver or some equitable factor served to modify the 180-day filing requirement. Having failed to do either in this case, Edwards is barred from recovering under the ADA. Accordingly, to the extent that Edwards' claim is brought pursuant to the ADA, Heatcraft's Motion is granted, and Edwards' ADA claims are hereby dismissed.

C.    The Family and Medical Leave Act

Edwards may be attempting to state a claim under the Family and Medical Leave Act of

1993 ("FMLA").  She alleges that she was placed on maternity leave  on June 18, 2004, and

given an ultimatum to return to work on August 16, 2004.  When she did not return to work as

directed, she was terminated from her employment at Heatcraft.  Edwards also claims that she

requested reinstatement, but was refused.

The purpose of the FMLA is to "minimize the potential for employment discrimination

on the basis of sex by ensuring generally that leave is available for eligible medical reasons

(including maternity-related disability) and for compelling family reasons, on a gender-neutral

basis." 29 U.S.C.A. § 2601(b)(4) (West 1999).  To accomplish its purposes, under the FMLA

an employee is entitled to 12 workweeks of leave for one of the following events:  (A) birth of

a child or to care for such child; (B) placement of a child for adoption or foster care; (C) care

of a spouse, child, or parent of the employee, if such spouse, child or parent has a serious health

condition; and (D) because of a serious health condition that makes the employee unable to

perform the functions of her job.  29 U.S.C.A. § 2612(a)(1) (West 1999).  If certain conditions

are met, an employee who takes leave under § 2612 is protected under the FMLA and is entitled

to be restored to her position or an equivalent position without loss of benefits upon her return.

29 U.S.C.A. § 2614(a) (West 1999).  Interference with an employee's FMLA rights by an

employer is unlawful, 29 U.S.C.A. § 2615(a) (West 1999), and may subject the employer to

liability under the Act.  29 U.S.C.A. § 2617(a)(1) (West 1999).

Unlike Title VII and the ADA, there are no administrative prerequisites that must be

satisfied before filing an FMLA suit in federal court, and Heatcraft has not moved for dismissal

of Edwards' claim on that basis.  Instead, Heatcraft argues that Edwards cannot state a claim

under the FMLA because "she has been provided all the benefits to which she is entitled under that statute." (Def.'s Br. Supp. Mot. at 4.)  In support of its contention, Heatcraft has provided the Declaration of Jonathan Krispin, in which he explains that Edwards received all of the FMLA benefits to which she was entitled.

The issues raised by Heatcraft in that portion of its Motion directed to Edwards' FMLA claim are very fact-specific and would require the Court to look beyond the complaint and consider the Declaration of Jonathan Krispin.  Moreover, the facts relied on by Heatcraft are contested by Edwards.  *See* Pl.'s Br. Resp. (Doc. 11).  As a general rule, courts do not look to matters outside the pleadings when considering motions to dismiss.  In fact, the Federal Rules of Civil Procedure provide that if a court intends to consider matters outside the pleadings when ruling on a Rule 12(b)(6) motion, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).  Here, in order to decide the FMLA issues, the Court would be obliged to convert the Motion to one for summary judgment.  However, the Court is of the opinion that it would not be in the best interest of the parties to convert Heatcraft's Motion at this juncture.

In this case, the Motion to Dismiss was made very early.  Shortly thereafter, the case was stayed.  As a result, no discovery has been done.  In fact, as noted in this Order, the Court and opposing counsel are still attempting to understand the basis for Edwards' claims.  Rather than convert the Motion to one for summary judgment at such an early stage in the litigation, the Court believes the parties should have the opportunity to engage in discovery as to the fact-

7

specific issues raised by Heatcraft's Motion.  Therefore, because the portion of the Motion to Dismiss addressed to Edwards' FMLA claims cannot be decided without reference to matters outside the pleadings, that portion of the Motion is denied.

Consistent with the foregoing, therefore, the Motion to Dismiss is granted as to any Title VII or ADA claims raised by Edwards in her complaint, and denied as to her FMLA claims. The stay put in place by Order entered November 7, 2005, is lifted.  Heatcraft is directed to file an answer as required by Federal Rule of Civil Procedure 12(a)(4).  The parties are to confer and comply with their obligations under Rules 16 and 26, as directed by the Court in its Order entered November 7, 2005.

**SO ORDERED**, this the 2nd  day of November, 2006.


**s/    Hugh Lawson**
**HUGH LAWSON, JUDGE**

mls