# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **ERMA JEAN EDWARDS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:05-cv-36 (HL) |
| **HEATCRAFT, INC.** | : | |
| Defendant. | : | |

# ORDER

Defendant, Heatcraft, Inc., has filed a Motion for Summary Judgment [Doc. 31]. Because Plaintiff, Erma Jean Edwards, is proceeding pro se, the Court believes it is appropriate to advise her of her rights and obligations in opposing a motion for summary judgment, as mandated by the decision in Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985).

In Griffith, the Eleventh Circuit held, "[O]ur jurisprudence requires at least this: that an adverse party must be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default." Id. at 825. The Court thus deems it appropriate and necessary to advise Plaintiff of her right to respond to Defendant's Motion for Summary Judgment, and of the consequences she will suffer if she fails to file a response thereto.

Rule 56(c) of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides as follows:

The motion shall be served at least 10 days before the time fixed for the hearing.

> The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Under the procedures and policies of this Court, motions for summary judgment are normally decided on briefs. The Court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56; the parties may submit their arguments to the Court by filing briefs in support of or briefs in opposition to said motions.

Under the law, the party against whom a summary judgment is sought must be given ten days notice of the summary judgment rules. In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If she fails or refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a final judgment may be rendered against her if otherwise appropriate under the law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the Court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on her pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the

Court that there are material facts which exist in the case which must be presented to a jury for resolution. *See* Van T. Junkins & Assoc. v. U.S. Indus., Inc., 736 F.2d 656, 658 (11th Cir.1984).

Failure of Plaintiff herein to respond to and rebut the statements set forth in Defendant's affidavits or other sworn pleadings will result in said statements being accepted as the truth. If the Court finds that Defendant has satisfied its burden on motion for summary judgment, the Motion will be granted and there will be no trial or other further proceedings.

Consistent with the foregoing, therefore, it is hereby ordered that the Clerk serve a copy of this Order on Plaintiff at the last address provided by her. Plaintiff shall have 20 days from the date of entry of this Order in which to respond to the Motion for Summary Judgment. Defendant shall have 10 days in which to file a reply to Plaintiff's response, after which the Court will take the Motion under advisement.

**SO ORDERED**, this the 2nd day of July, 2007.

> *s/ Hugh Lawson*
> **HUGH LAWSON, JUDGE**

mls