# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **ERMA JEAN EDWARDS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:05-cv-36 (HL) |
| **HEATCRAFT, INC.,** | : | |
| Defendant. | : | |

# ORDER

Defendant, Heatcraft, Inc., has filed a Motion for Summary Judgment (Doc. 31). After consideration of the relevant materials, including the depositions and affidavits on file, the Court grants the Motion as more fully set forth below.

Procedural History

Plaintiff, Erma Jean Edwards, filed a complaint on April 25, 2005, against her former employer, Heatcraft, Inc. Edwards, who is proceeding *pro se*, did not identify the federal cause of action on which her complaint was based, but alleged that in April of 2004 she was wrongfully reassigned after she informed her supervisor that she was pregnant and, because of her pregnancy, unable to lift more than 25 pounds. She further alleges she was wrongfully terminated while she was on maternity leave. Heatcraft subsequently moved to dismiss Edwards' complaint. The Court granted the motion to dismiss in part and dismissed any claims Edwards intended to bring pursuant to Title VII or the ADA. The Court denied the motion to dismiss as to any claims Edwards intended to bring pursuant to the Family Medical Leave Act

("FMLA"). After pursuing discovery, Heatcraft filed the Motion for Summary Judgment at issue here, seeking judgment as a matter of law as to Edwards' FMLA claim.

In support of its Motion, Heatcraft filed a Statement of Material Facts and the Declaration of Jonathan Krispin, who was the Human Resources Manager for Heatcraft's Tifton facility at the time of the incidents giving rise to Edwards' claims. Heatcraft also submitted Edwards' deposition testimony. After Heatcraft filed its Motion for Summary Judgment, the Court entered an Order notifying Edwards of the filing of the Motion, advising her of the consequences of failing to respond, and directing that she file a response to the same. In spite of the Court's directives, Edwards failed to respond to the Motion. The only document filed by her since the filing of the Motion for Summary Judgment is an itemization of the damages she claims to have incurred, apparently as a result of Heatcraft's conduct.

With respect to the Statement of Facts required to be filed with a motion for summary judgment, the Local Rules provide as follows: "All material facts contained in the moving party's statement which are not specifically controverted by the respondent in the respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate." Local Rule 56. As Local Rule 56 suggests, however, not every statement contained in the Statement of Material Facts will automatically be accepted by the Court. Only those statements contained in the Statement of Material Facts which are supported by the record will be adopted by the Court. Furthermore, statements in the form of issues or legal conclusions (rather than material facts) will not be considered by the Court.

Moreover, Edwards' failure to respond to the Motion does not automatically entitle Heatcraft to a favorable ruling. It is well-established that the "party moving for summary judgment . . . '*always* bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings" . . . which it believes demonstrate the absence of a genuine issue of material fact.'" Livernois v. Medical Disposables, Inc., 837 F.2d 1018, 1022 (11th Cir. 1988) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2553 (1986)). Therefore, "[b]efore the burden shifts to the nonmoving party to go beyond the pleadings to demonstrate a genuine issue, the moving party must carry its burden of proof." Id. at 1022. Thus, even in the absence of a response to the Motion from Edwards, "this Court must determine if [Heatcraft] satisfied its 'initial responsibility' of demonstrating that no genuine issue of material fact existed as to each count of the complaint, and, further, whether [Heatcraft is] entitled to summary judgment as a matter of law." Id.

Findings

After review of the record, and in accordance with foregoing, the Court makes the following findings:

Edwards began working at Heatcraft on April 13, 1992, and held various positions with the company during her employment there. In November of 2003, she was assigned to the package line where she worked as a unit assembler, a job that required her to lift up to forty pounds several times each work day. In March of 2004, Edwards learned that she was pregnant. Shortly thereafter, Edwards was told by her doctor not to lift more than 20 to 25 pounds because

3

of her pregnancy. Edwards provided her supervisor with an FMLA certification form signed by her doctor, indicating she would need FMLA leave from April 16, 2004, until November 16, 2004. The form showed a probable duration of her condition to December 6, 2004. The certification form also indicated that Edwards was "incapacitated" from the date of her doctor's visit on April 7, 2004, until the next scheduled doctor's visit on April 14, 2004. (Edwards Dep., Ex. 4.)

Edwards missed work from April 7, 2004, to April 14, 2004, because of her pregnancy. According to her, she was told that her absences would not be counted against her, so she did not use vacation leave at that time. (Edwards Dep. at 41-42, 62.) She was also told by her supervisor, Walter Deloach, that he did not have any work that she could do at that time that did not require her to lift more than 20-25 pounds, so she should take those days off without pay. (Edwards Dep. at 41-42.) Heatcraft counted the days from April 7, 2004, to April 14, 2004, as FMLA days rather than as unexcused absences. (Krispen Decl. ¶ 13.)

When Edwards returned to work after being off from April 7, 2004, to April 14, 2004, she was moved to a different department in an effort to accommodate her lifting restrictions. Her supervisor in the new position was Bob Coleman. On April 23, 2004, Coleman called Edwards into his office and told her that she was not keeping up with the other employees. (Edwards Dep. at 55.) Edwards did not return to work after that day, although she did come to the building and talk to the company nurse on April 26, 2004. (Edward Dep. at 55-57.) Edwards was told by the company nurse to use up her vacation days and to apply for short-term disability benefits. (Edwards Dep. at 57-58.) Her request for short-term disability benefits was

4

later denied. The vacation days that Edwards had available were applied toward her FMLA leave.

Edwards was on FMLA leave from Heatcraft until July 26, 2004. During the time Edwards was on FMLA leave she retained all employee benefits, including health benefits. (Krispin Decl. ¶ 43.) Beginning on July 27, 2004, and continuing until August 16, 2004, Edwards' absences were treated as unexcused. After accruing 15 unexcused absences, Edwards was terminated on August 17, 2004 (Krispin Decl., Ex. B.) Before she was terminated, she was contacted by Jonathan Krispin, who informed her that if she did not return to work by August 16, 2004, she would be terminated. (Edwards Dep. at 66.) She called Walter Deloach on August 16, 2004, to tell him she would not be in, and she did not return to work on the 16th or on any days thereafter. (Edwards Dep. at 67.) It was her belief that because the doctor put her on maternity leave that she was protected until December 5, 2004. (Edwards Dep. at 68.) In January of 2005 she wrote to Heatcraft and requested her job back but never received a response to that letter. (Edwards Dep. at 68.)

## Discussion

Edwards alleges she was wrongly terminated while on maternity leave and further alleges Heatcraft refused to reinstate her to her position when she requested to return after her maternity leave was complete. Heatcraft contends it is entitled to judgment as a matter of law as to any FMLA claims Edwards might have. The Court agrees that Heatcraft is entitled to judgment as a matter of law on Edwards' FMLA claims.

The purpose of the FMLA is to minimize "the potential for employment discrimination

on the basis of sex by ensuring generally that leave is available for eligible medical reasons (including maternity-related disability) and for compelling family reasons, on a gender-neutral basis." 29 U.S.C.A. § 2601(b)(4) (West 1999). To accomplish its purposes, under the FMLA an employee is entitled to 12 workweeks of leave for one of the following events: (A) birth of a child or to care for such child; (B) placement of a child for adoption or foster care; (C) care of a spouse, child, or parent of the employee, if such spouse, child or parent has a serious health condition; and (D) because of a serious health condition that makes the employee unable to perform the functions of her job. 29 U.S.C.A. § 2612(a)(1) (West 1999). If certain conditions are met, an employee who takes leave under § 2612 is protected under the FMLA and is entitled to be restored to her position or an equivalent position without loss of benefits upon her return. 29 U.S.C.A. § 2614(a) (West 1999). Interference with an employee's FMLA rights by an employer is unlawful, 29 U.S.C.A. § 2615(a) (West 1999), and may subject the employer to liability under the Act. 29 U.S.C.A. § 2617(a)(1) (West 1999).

As the foregoing shows, however, an employer is only required to provide an employee with 12 weeks of leave, even though the circumstances of an employee's condition might demand more. Moreover, when an employee takes FMLA leave, the employer has the discretion to require the employee to use available paid vacation, personal leave, or sick leave for any part of the 12-week period. 29 U.S.C.A. § 2612(d)(2)(A) (West 1999). Furthermore, although the employer is required to provide the employee with up to 12 weeks of leave, except as provided by § 2612(d), the employer is not required to provide paid leave. 29 U.S.C.A. § 2612(c) (West 1999).

Applying the FMLA statutory provisions to the facts of this case, the Court finds that no violations have occurred. Heatcraft provided Edwards with more than the statutorily-mandated 12 weeks of FMLA leave. Heatcraft also continued Edwards' employment benefits during the term of her leave and had a position available upon her return following the expiration of the 12-week period. Plaintiff failed to return to the position that was available to her before her FMLA leave expired. She was therefore terminated by Heatcraft after she accumulated 15 unexcused absences. Under these circumstances she no longer had a right to be restored to her position when she was ready to return to work in January of 2005.

Review of Plaintiff's deposition suggests that she was confused about her rights when her doctor indicated on an FMLA leave form that her condition would continue until December 6, 2004. She believed that she was entitled to FMLA leave for the entire period of her condition and entitled to return to work without any restrictions after December 5, 2004. (Edwards Dep. at 67-69.) However, Edwards' misunderstanding as to what the law allowed her does not entitle her to recover on this FMLA claim. The record shows that Heatcraft complied with its obligations under the law, provided her with 12 weeks of leave, continued her employment benefits during the relevant period, and had a job available for her upon the expiration of her leave time. Whether through a mistaken belief or otherwise, Edwards failed to return to work when her leave time expired and, thereafter, when her unexcused absences were used up. Heatcraft had no other FMLA obligations to fulfill after August 16, 2004, and was within its rights to terminate her.

<u>Conclusion</u>

In sum, the Court finds that Heatcraft has satisfied its obligation on summary judgment: it has come forward with sufficient evidence to demonstrate the absence of a genuine issue of material fact with respect to Edwards' claims that her rights under the FMLA were violated. As a result, the burden shifts to Edwards to point to evidence in the record which, if accepted by a jury, would create genuine issues of material fact on her FMLA claims. This she has failed to do. Accordingly, Heatcraft is entitled to judgment as a matter of law as to Edwards' FMLA claims against it. Defendant's Motion for Summary Judgment (Doc. 31) is granted. There being no other claims remaining, let judgment be entered accordingly.

**SO ORDERED**, this the 15th day of February, 2008.

    s/Hugh Lawson
**HUGH LAWSON, JUDGE**

mls